Edward MESSER, Appellant,

v.

Honorable Michael B. RONEY, Judge, and Dr. Cheryl Rivard, M.D., Attending Physician, Appellee.

No. 88–CA–659–DG.

Court of Appeals of Kentucky.

June 30, 1989.

Marie Allison, Asst. Public Advocate, Frankfort, for appellant.

Florence S. Huffman, Lexington, for appellees.

Ava Crow, Frankfort, for amicus curiae, Dept. of Public Advocacy.

Ryan M. Halloran, Trisha Zeller James, Frankfort, for amicus curiae, Cabinet for Human Resources.

Before HOWERTON, Chief Judge, and CLAYTON and REYNOLDS, JJ.

HOWERTON, Chief Judge.

This Court granted Mr. Messer's motion for discretionary review for the limited purpose of determining whether KRS 202A.196 is invalid under the United States and Kentucky Constitutions for failure to establish a standard of proof or to delineate criteria sufficient to guide a court in allowing the state to force unwanted, intrusive and potentially-harmful medical treatment upon a patient. We find that the statute is constitutionally valid and we affirm the judgment of the Fayette Circuit Court.

Following his involuntary commitment to Eastern State Hospital, Edward Messer refused to submit to the treatment plan proposed for him by his treating physician, Dr. Cheryl Rivard. Pursuant to KRS 202A.196(2), a review committee appointed by the hospital director examined the appropriateness of the proposed treatment plan and recommended to Mr. Messer that he submit to the treatment. Mr. Messer again refused to submit to the treatment, and the hospital petitioned the Fayette Dis-

trict Court for a de novo determination of the appropriateness of the treatment. The district court conducted a hearing pursuant to KRS 202A.196(3) and entered a judgment pursuant to Subsection (4) of that statute ordering Mr. Messer to submit to the treatment. The Fayette Circuit Court affirmed.

At the time of Mr. Messer's commitment, when an involuntarily-committed patient refused to submit to a proposed treatment plan and continued to so refuse after a review committee found the proposed treatment to be appropriate, KRS 202A.196(3) and (4) provided as follows:

(3) ... the hospital may petition the district court for a de novo determination of the appropriateness of the proposed treatment. Within seven (7) days, the court shall conduct a hearing, consistent with the patient's rights to due process of law, and shall utilize the following factors in reaching its determination:

(a) Whether the treatment is necessary to protect other patients or the patient himself from harm;

(b) Whether the patient is incapable of giving informed consent to the proposed treatment;

(c) Whether any less restrictive alternative treatment exists; and

(d) Whether the proposed treatment carries any risk of permanent side effects.

(4) Upon the completion of the hearing, the court shall enter an appropriate judgment.

Mr. Messer and his supporting amicus contend that the statute is unconstitutional because the terms "appropriateness" and "harm" are too vague, it fails to specify a particular burden of proof to be met by the state and it fails to specifically set forth all of the due process rights to which a patient in this situation is entitled. We disagree.

■ The statute clearly provides that the court's determination of "appropriateness" is to be based upon its conclusions as to the factors set forth in Subsection (3)(a), (b), (c) and (d). Those four factors define what must be found in order for the proposed treatment to be appropriate. Furthermore,

we find that the use of the term "harm" in Subsection (3)(a) is sufficiently definite when that term is considered in light of the statutory definition of "danger" found in KRS 202A.011(2). "Danger" is defined therein in terms of harm, and we find the two terms to be interchangeable. Therefore, the district court should look to the statutory definition of "danger" in reaching its determination of whether the proposed treatment is necessary to protect the patient or others from harm.

We find no merit in the argument that the statute in question is unconstitutionally vague for failing to set out the specific due process rights to which Mr. Messer and others in his situation are entitled. KRS 202A.196(3) mandates that the district court shall insure that patients receive due process of law. This grants those patients all rights which the courts of this state and the federal courts have found to be encompassed by the term "due process." To require an enumeration of rights as suggested by Mr. Messer's amicus is not only unnecessary, but overly restrictive.

■ Finally, the statute is challenged for failing to specify the standard of proof which the state must meet before the district court can order compliance with a proposed treatment plan. It is well recognized that the power of the state to involuntarily commit its citizens to mental hospitals and forcibly treat them, while an obvious necessity, is extremely intrusive. Individuals so committed and treated clearly suffer a severe deprivation of their personal liberty. Notably, final hearings for involuntary commitments are required to be conducted under the same rules as would be a criminal proceeding, including the requirement of proof beyond a reasonable doubt. KRS 202A.076(2). Although the statute now being challenged does not provide for a specific standard of proof, we find that the intrusiveness of KRS 202A.196 and the loss of liberty resulting from the application of that statute are at least potentially as great as in involuntary commitment proceedings, and we hold that the standard of proof beyond a reasonable

doubt shall apply in proceedings held pursuant to that statute.

For the above and foregoing reasons, the judgment of the Fayette Circuit Court is affirmed.

All concur.