Darrell L. TURNER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 92–SC–92–MR.

Supreme Court of Kentucky.

Sept. 2, 1993.

Fred R. Radolovich, Louisville, for appellant.

Chris Gorman, Atty. Gen., Samuel J. Floyd, Jr., Asst. Atty. Gen., Crim. Appellate Div., Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a jury verdict which found Turner guilty of wanton murder but mentally ill. He was sentenced to life in prison.

The issues presented are whether the trial court erred in submitting a jury instruction on guilty but mentally ill, and whether the trial court committed reversible error when it ordered involuntary administration of anti-psychotic drugs. The issue regarding the authority of the trial court to try the defendant has been withdrawn by counsel for Turner.

Turner admitted that he and the victim were involved in an altercation in Turner's apartment. He claimed that the victim became belligerent and began pushing and punching at him. The victim was found badly beaten around the head and shoulders with second-degree burns on his chest, abdo-

men and flanks. The autopsy indicated that the victim had a broken nose; skull fractures; multiple head injuries; multiple contusions and semi-circular abrasions to the neck, shoulders and chest; and a broken arm. The medical examiner testified that the cause of death was "multiple blunt traumatic injuries to the body."

After several psychiatric examinations to determine both competency to stand trial and competency at the time of the crime, the defense counsel filed a notice that at trial he might elect to introduce evidence of mental illness or insanity. An independent psychiatric examination was ordered by the court. On December 10, 1990, a competency hearing was conducted and the trial court found Turner presently incompetent to stand trial but ordered intrusive intervention in the form of the medications of Mellaril and Lithium over the objection of Turner. Another competency hearing was conducted on February 13, and based on the report from the psychiatrist, the trial judge found Turner competent to stand trial. Turner was found guilty but mentally ill and sentenced to life. This appeal followed.

■ Turner contends that the trial judge committed reversible error in submitting a jury instruction on guilty but mentally ill because it was not supported by the evidence. Turner claims that the prosecution offered no evidence as to mental illness as distinguished from insanity. Turner raised the issue of insanity by notice required by law and introduced evidence on that question. At the close of all the evidence, Turner objected to the guilty but mentally ill instruction.

We find no reversible error because the guilty but mentally ill instruction was properly given pursuant to the evidence presented at trial in addition to the instruction on insanity. Here the jury was instructed on the statutory definition of mental illness and it was authorized to determine that Turner was guilty but mentally ill. *Dean v. Commonwealth,* Ky., 777 S.W.2d 900 (1989).

■ It is the duty of the trial court to instruct the jury on the whole law of the case. *Cannon v. Commonwealth,* Ky., 777 S.W.2d 591 (1989); RCr 9.54(1). In this case there was sufficient evidence introduced from which the jury could reasonably infer that the defendant was guilty but mentally ill at the time the crime was committed.

There was evidence at trial that because he suffered from paranoid schizophrenia, Turner lacked the capacity to appreciate the criminality of his acts or to conform his conduct to the law. But there was also evidence which indicated that his actions were not solely a response to the disease on the night of the crime although he had an impaired capacity to use self-control. K.R.S. 504.060(5) and (6)

A defense expert witness, Dr. Skelton, a psychiatrist, testified that it was her opinion that Turner was not criminally responsible when he killed the victim because he was responding to his paranoia. In her written evaluation, the psychiatrist stated: "It is felt that most probably at the time in question Mr. Turner was experiencing an exacerbation of paranoid schizophrenia." Standing alone, this kind of expert testimony could have warranted an insanity verdict.

However, a prosecution expert witness, Dr. Weinstein, also a psychiatrist, testified that while he agreed that Turner was a paranoid schizophrenic, he could find no evidence that Turner was acting under an exacerbated form of that disease at the time of the killing. Dr. Weinstein testified that Turner was an alcoholic who was not on medication for schizophrenia at the time of the murder, but Dr. Weinstein admitted that it was very difficult to be totally accurate about the defendant's mental status and his ability to appreciate the criminality of his conduct.

Consequently, the jury was presented with unequivocal evidence that the defendant suffered from the mental disease of schizophrenia. It then became the obligation of the jury to determine from the evidence the degree to which the disease affected Turner at the time the crime was committed.

By instructing the jury on both insanity and mental illness, the trial judge allowed the jurors to consider the full range of evidence presented. *Cannon, supra. Cf.* Palmore *Kentucky Instructions to Juries* 4th Ed.,

Defenses § 10.28, Comment, states in part that if the jury finds mental illness which does not rise to the level of insanity, the defendant is guilty but mentally ill. If the jury finds mental illness which rises to the level of insanity, the defendant is not guilty by reason of insanity.

Here the evidence presented at trial required that an instruction on guilty but mentally ill and an instruction on insanity be given. The jury should be instructed on the statutory definition of mental illness where, as in this case, the jury may find that the defendant is guilty but mentally ill. *Dean, supra.* In this case, the prosecution did not dispute that the defendant was schizophrenic; rather, it disputed the degree to which that disease was a factor.

Turner claims that the trial judge committed reversible error when he ordered that Turner should undergo medication for his schizophrenia in order to attain competency for trial. Turner was required to submit to the ingestion of the anti-psychotic medications Mellaril and Lithium before and during trial. Turner argues that the standard of proof of "beyond a reasonable doubt" applies to proceedings relating to the intrusive treatment of involuntarily committed persons pursuant to *Messer v. Roney,* Ky. App., 772 S.W.2d 648 (1989). We disagree.

K.R.S. 504.100 provides that if at "any stage of the proceedings" the trial court has reasonable grounds to believe that the defendant is not competent, it shall order psychiatric testing. The trial judge sustained a motion by defense counsel for psychiatric evaluation on May 22, 1990. The K.C.P.C. advised the court that Turner was refusing all medication and would not cooperate with the evaluation process.

The trial judge ordered a competency hearing at the request of the prosecution which was held on July 30 for the purpose of determining Turner's competency to stand trial. On August 28, 1990, the K.C.P.C. advised that Turner was still refusing the medication and that with medication, there was a high probability that Turner would attain competency in the foreseeable future.

K.R.S. 504.060(10) explains that treatment includes medication. Following a hearing and pursuant to K.R.S. 504.110 and K.R.S. 504.060, the trial judge ordered Turner treated with anti-psychotic medication for 60 days. The court relied on Dr. Skelton's recommendation. Therefore, the order of December 14, 1990 was not erroneous.

We agree with the trial judge that *Messer, supra,* has no applicability to K.R.S. 504.110, but relates instead to K.R.S. 202A. Here the trial judge found that there was a reasonable medical probability that with medication, Turner would attain competency within 60 days.

Reliance by Turner on the recent United States Supreme Court decision in *Riggins v. Nevada,* 504 U.S. ——, 112 S.Ct. 1810, 118 L.Ed.2d 479 (1992) is misplaced. Unlike *Riggins,* Turner never challenged the use of medication during trial. In fact defense counsel complained at trial that Turner wasn't getting his medication and would not be able to testify without it.

In addition, Turner maintained at a bond reduction hearing that he would continue medication on an outpatient basis if bond were reduced or if he were able to post bond.

Moreover, the medication ordered pursuant to K.R.S. 504.110 followed the articulated substantive standards noted by the U.S. Supreme Court in *Riggins, supra.* K.R.S. 504.-100 and 504.110 provide the constitutional protections expressed in *Riggins.* The trial judge made an ongoing determination as to the need for continuing medication and considered alternatives such as lower levels of medication.

There is no basis for the contention that the trial judge erred in requiring Turner to undergo involuntary intrusive ingestion of the medication. The trial judge followed all statutory requirements and the constitutional rights of Turner were adequately protected.

The judgment of conviction is affirmed.

STEPHENS, C.J., BURKE, Special Justice, and LAMBERT, LEIBSON, REYNOLDS and SPAIN, JJ., concur.